IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILLY W. MOORE,<br>    Plaintiff, | :<br>:    3:14-cv-2315<br>: |
| v. | :<br>:    (Judge Mariani) |
| DEPARTMENT OF CORRECTIONS<br>LIBRARIAN, *et al.*,<br>    Defendants. | :<br>:<br>: |

## **MEMORANDUM**

On December 2, 2014, Plaintiff, Billy Moore, an inmate currently incarcerated at the Coal Township State Correctional Institution in Albion, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). This Court has conducted an initial screening of the complaint. For the reasons set forth below, the motion to proceed *in forma pauperis* will be granted for the sole purpose of filing the instant action, the complaint will be dismissed without prejudice, and Plaintiff will be directed to file an amended complaint.

**I.    Standard of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to dismiss an action brought by a prisoner under 28 U.S.C. § 1915[1] if the complaint is frivolous, malicious, or fails to state a claim upon which relief may

---

1.  Section 1915(e)(2) of Title 28 of the United States Code provides:

    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

be granted. The grounds for dismissal under § 1915A are similar to the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." 28 U.S.C. § 1915A; FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant." *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

Additionally, a civil rights complaint must comply with Federal Rule of Civil Procedure 8(a). FED. R. CIV. P. 8(a). Federal Rule of Civil Procedure 8(a)(2) dictates that to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "The Third Circuit has held that a civil rights

---

(A) the allegation of poverty is untrue; or
(B) the action or appeal--
   (i) is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such
     relief.

complaint is adequate where it states the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). This Court also recognizes that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985).

Lastly, "a district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run." *Hunterson v. DiSabato*, 244 Fed. Appx. 455, 457 (3d Cir. 2007); *see also Paluch v. Beard*, 2009 WL 4269422, *3 (M.D. Pa. 2009) (Rambo, J.); *Goins v. James*, 2007 U.S. Dist. LEXIS 40862 (W.D. Pa. 2007) (dismissing the complaint "before service for failing to state a claim upon which relief can be granted given that the statute of limitations bars the suit"). In reviewing a section 1983 action, "a federal court must apply the appropriate state statute of limitations which governs personal injury actions." *Paluch*, 2009 WL 4269422 at *2; *see also Fitzgerald v. Larson*, 769 F.2d 160, 162 (3d Cir. 1985). "Pennsylvania's applicable personal injury statute of limitations is two years." *Paluch*, 2009 WL 4269422 at *2 (citing 42 Pa. C.S. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993)). "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). "The continuing violations doctrine is an equitable exception to a strict application of a statute of limitations where the conduct complained of

consists of a pattern that has only become cognizable as illegal over time." *Foster v. Morris*, 208 Fed. Appx. 174, 177 (3d Cir. 2006).

## II. Discussion

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

In the complaint, Plaintiff alleges that, in October 2010, his due process and access to the courts rights were violated. (Doc. 1). Plaintiff states that he qualified to receive legal assistance at SCI-Coal Township and that the individuals assisting him with his legal claims interfered with his access to the courts. (Doc. 1, p. 3).

The complaint names as Defendants: John Doe paralegal at the Department of Corrections, and John Doe librarian at SCI-Coal Township. (Doc. 1, p. 2). Plaintiff alleges that "[t]he paralegal (John Doe 1) and Law Librarian (John Doe 2) hindered his ability to file a timely appeal" by incorrectly filing his appeal brief with the Superior Court. (Doc. 1, p. 3).

Plaintiff has failed to properly name any defendants in this federal civil rights action. The Court must have the complete name and address for each and every defendant named

in the complaint in order to effect service. Any defendant not properly identified can not be served.

Additionally, Plaintiff alleges a constitutional violation for an incident that allegedly occurred in October 2010. The instant complaint was not filed until December 2014, more than two (2) years after the complained of conduct. Thus, Plaintiff is cautioned that his claim may be time-barred.

Consequently, the complaint will be dismissed. However, Plaintiff will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief against a properly named defendant.

"[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). Plaintiff is advised that the "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. *Id.* The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint

must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing FED. R. CIV. P. 8(e)(1)). "The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (Caputo, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

    A separate Order will be issued.

Date: December 22, 2014

Robert D. Mariani
United States District Judge