IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BILLY W. MOORE,
       Plaintiff,                      :     3:14-cv-2315

v.                                    :
                                     :     (Judge Mariani)
JEFFREY A. BEARD,
       Defendant.                 :

## **MEMORANDUM**

On December 2, 2014, Plaintiff, Billy W. Moore, an inmate currently confined in the State Correctional Institution at Albion, Pennsylvania, initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The original complaint alleged that John Doe paralegal at the Department of Corrections and John Doe librarian at SCI-Coal Township interfered with his access to the courts by incorrectly filing an appeal brief with the Pennsylvania Superior Court. (Doc. 1, pp. 2-3).

On December 22, 2014, this Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915 and determined that it failed to state a claim. (Docs. 8, 9). The Memorandum stated that "Plaintiff will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief against a properly named defendant." (Doc. 8, p. 5). He was advised, *inter alia*, that the amended complaint must be "simple, concise, and direct" as required by Rule 8 of the Federal Rules of Civil Procedure, and that the "allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant." *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

"Additionally, a civil rights complaint must comply with Federal Rule of Civil Procedure 8(a)." *Atwater v. Shaffer*, 2014 U.S. Dist. LEXIS 87463, *3 (M.D. Pa. 2014) (Jones, J.). Federal Rule of Civil Procedure 8(a)(2) dictates that to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Lastly, "a district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run." *Hunterson v. DiSabato*, 244 Fed. Appx. 455, 457 (3d Cir. 2007); *see also Paluch v. Beard*, 2009 WL 4269422, *3 (M.D. Pa. 2009) (Rambo, J.); *Goins v. James*, 2007 U.S. Dist. LEXIS 40862 (W.D. Pa. 2007) (dismissing the complaint "before service for failing

3

individual did that led to deprivation of his rights." (Doc. 8, pp. 5-6), *citing* FED. R. CIV. P. 8(e)(1); *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (Caputo, J.).

On February 2, 2015, Plaintiff filed an amended complaint. (Doc. 16). This complaint has been screened and, for the reasons set forth below, Plaintiff will be granted one final opportunity to file a properly supported second amended complaint.

I. **Standard of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to dismiss an action brought by a prisoner under 28 U.S.C. § 1915[1] if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Credico v. Guthrie*, 2014 U.S. App. LEXIS 11960, *3 (3d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

to state a claim upon which relief can be granted given that the statute of limitations bars the suit"). In reviewing a section 1983 action, "a federal court must apply the appropriate state statute of limitations which governs personal injury actions." *Paluch*, 2009 WL 4269422 at *2; *see also Fitzgerald v. Larson*, 769 F.2d 160, 162 (3d Cir. 1985). "Pennsylvania's applicable personal injury statute of limitations is two years." *Paluch*, 2009 WL 4269422 at *2 (citing 42 Pa. C.S. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993)). "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). "The continuing violations doctrine is an equitable exception to a strict application of a statute of limitations where the conduct complained of consists of a pattern that has only become cognizable as illegal over time." *Foster v. Morris*, 208 Fed. Appx. 174, 177 (3d Cir. 2006).

Further, *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. Discussion

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47

F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

In the amended complaint, Plaintiff sets forth constitutional violations for events that occurred at the State Correctional Institution in Coal Township, Pennsylvania.[2] (Doc. 16). The named Defendant is Jeffrey A. Beard, former Secretary of the Department of Corrections, sued in his official and individual capacities. (Doc. 16, p. 2). Plaintiff claims that Defendant Beard is legally responsible for the "overall operations of the Department of Corrections... and each institute under its jurisdiction, including SCI-Coal Township." (Doc. 16, p. 2).

Plaintiff alleges that in August 2010 his due process rights were violated in that he was denied access to the courts. (Doc. 16, pp. 2-4). Specifically, Plaintiff states that "Defendant, Jeffrey A. Beard, deprived the plaintiff access to the Court by failing to provide him with personnel who were adequately trained in the law to assist him in his preparation of legal papers." (Doc. 16, p. 4). Plaintiff alleges that due to Defendant's failure to provide him with adequate personnel, the prison staff "incorrectly" filed his Post Conviction Relief Act appeal brief in the Pennsylvania Superior Court. (Doc. 16, pp. 2, 4).

Plaintiff seeks compensatory and punitive damages, costs, and any other relief

---

[2] The amended complaint alleges the same constitutional violations as the original complaint, compare (Doc. 1), *with* (Doc. 16), however, Jeffrey Beard is presently named as the Defendant.

deemed appropriate by the Court. (Doc. 16, p. 9).

Upon review, it appears that Plaintiff fails to state a claim against Defendant Beard because the complaint reveals that he lacks any personal involvement in the alleged wrongs, and Plaintiff's allegations against Defendant Beard are based solely upon his supervisory role.

Supervisors typically are not liable under Section 1983 solely on a theory of *respondeat superior*. As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (citations omitted).

The claims asserted against Defendant Beard are premised upon his supervisory position within the DOC. Based upon an application of the above standard, such allegations are insufficient to satisfy the personal involvement requirement standard of *Rode*.

Thus, where a prisoner attempts to place responsibility on supervisory personnel, as Plaintiff does here, he must rely on more than the theory of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362 (1976). In order to hold officials liable for failure to supervise or train subordinates properly, the plaintiff must allege facts which demonstrate more than the mere occurrence of an isolated incident in which an individual was deprived of constitutional

rights. *Oklahoma City v. Tuttle*, 471 U.S. 808, 820-21 (1985); *Brown v. City of Pittsburgh*, 586 F.3d 263, 292-93 (3d Cir. 2009). In such a situation, a plaintiff "must show either that (1) the supervisor directly participated in violating a plaintiff's constitutional rights, (2) that he directed others to do so, or (3) as the officer in charge, the supervisor had knowledge of and acquiesced in constitutional violations committed by subordinates." *Zimmerman v. Schaeffer*, 654 F. Supp. 2d 226, 253 (M.D. Pa. 2009) (Rambo, J.) (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001)). In the amended complaint, Plaintiff fails to allege direct participation by Defendant Beard.

Moreover, any official capacity claims against Defendant Beard would be subject to dismissal as barred by the Eleventh Amendment. 42 U.S.C. § 1983 provides for a cause of action against a "person" acting "under color" of law, but "official capacity" parties are not "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (concluding that a suit brought against a state official in his official capacity is deemed to be a suit against the state); *Garden State Elec. Inspection Servs. Inc. v. Levin*, 144 Fed. Appx. 247, 251 (3d Cir. 2005). The Eleventh Amendment has been interpreted to bar suits for money damages by private parties in federal court against states or state agencies. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Melo v. Hafer*, 912 F.2d 628, 634 (3d Cir. 1990) (holding that the Eleventh Amendment bars a suit against state officials in their official capacities). Accordingly, any claims brought against Defendant

Beard in his official capacity may be dismissed.

Additionally, as Plaintiff was cautioned in this Court's December 22, 2014 Memorandum, his claim may be time-barred. (Doc. 8, p. 5). Plaintiff complains of a constitutional violation for an incident that allegedly occurred in August 2010, and the instant action was not initiated until December 2014, more than two (2) years after the complained of conduct.

"[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). Although it is questionable whether a second amendment in this case will be futile, *see Fattah v. Sabol*, 2012 WL 1005070, *7 (M.D. Pa. 2012) (Caputo, J.) (concluding that because the Secretary of the Department of Corrections was impermissibly named as a party based only on *respondeat superior*, any amendment would be futile), Plaintiff will be afforded an opportunity to file a second amended complaint to sufficiently state a claim for relief against a proper defendant.

Plaintiff is again advised that the second "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint

or the amended complaint. *Id.* The second amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The [second] amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing FED. R. CIV. P. 8(e)(1)). As noted, "[t]he allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams*, 2013 U.S. Dist. LEXIS 88367, at *18.

A separate Order will be issued.

Date: February 12, 2015

Robert D. Mariani
United States District Judge